UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHI RONGXI,<br><br>                                   Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security, in his official capacity, et al.,<br><br>                                   Respondents. | Case No.:  3:26-cv-01588-RBM-DEB<br><br>**ORDER  GRANTING  PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Docs. 1, 3]** |

Pending before the Court are Petitioner Chi Rongxi's ("Petitioner") Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") (Doc. 1) and Application for Temporary Restraining Order ("TRO Motion") (Doc. 3) challenging the lawfulness of his detention by United States Immigration and Customs Enforcement ("ICE").  For the reasons below, the Court **GRANTS** the Petition and **DENIES as moot** the TRO Motion.

## I.      BACKGROUND

Petitioner is a citizen of the People's Republic of China who entered the United States to apply for asylum, withholding of removal, and protection under the Convention Against Torture.  (*Id.* ¶ 12.)  "Petitioner was previously released from immigration custody on conditional parole issued under 8 U.S.C. § 1226(a)" (Doc. 5 at 2), "has complied with all procedural requirements imposed by the immigration authorities" and has "appeared for

1

scheduled hearings." (Doc. 1 ¶ 40.) Some time after his release on conditional parole, Petitioner was re-detained and brought to Otay Mesa Detention Center. (*Id.* ¶ 41.) Petitioner requested a bond hearing, but the immigration judge denied this request, finding that they lacked jurisdiction under *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). (*Id.* ¶¶ 42, 73.) The Parties' briefs lack any further detail.

On March 12 and 13, 2026, Petitioner filed his Petition (Doc. 1) and TRO Motion (Doc. 3), respectively. Shortly thereafter, the Court set a briefing schedule. (Doc. 2.) On March 20, 2026, Respondents filed their Response to Petition. (Doc. 5.) Petitioner was authorized to file a reply on or before March 27, 2026, but did not file one.

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III.   DISCUSSION

Petitioner argues that his detention violates the Fifth Amendment's Due Process Clause, the Immigration and Nationality Act, and the Administrative Procedure Act. (Doc. 1 ¶¶ 46–80.) Respondents argue that Petitioner is subject to mandatory detention under § 1225(b), but "acknowledge[ ] that Courts in this District have repeatedly reached the opposite conclusion," and that "the facts are not materially distinguishable" here. (Doc. 5 at 2–3.)

The Court has granted petitions filed by similarly-situated petitioners. *See, e.g.*, *Silvestre-Mendoza v. Noem*, Case No.: 3:25-cv-03206-RBM-DDL, 2025 WL 3512410, at

2

*1–2 (S.D. Cal. Dec. 8, 2025).  In that decision, the Court found that "'a proper understanding of the relevant statutes, in light of their plain text, overall structure, and . . . case law interpreting them, compels the conclusion that § 1225's provisions for mandatory detention of noncitizens seeking admission [do] not apply to someone like [the petitioner],' who has been residing in the United States" for several years.  *Id.* at *1 (quoting *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025)).  The Court incorporates its reasoning in *Silvestre-Mendoza*, and makes the same findings, here.

There is no dispute that Petitioner was detained upon entry into the United States and then released from immigration custody on conditional parole under 8 U.S.C. § 1226(a).  (Doc. 5 at 2.)  Therefore, the discretionary detention procedures of § 1226 govern Petitioner's detention, and the Petition must be granted.  *See also Ayinder v. LaRose*, Case No.: 26-cv-0566-JES-MSB, 2026 WL 296658, at *1 (S.D. Cal. Feb. 4, 2026) (holding "that where a petitioner is apprehended at the border, paroled into the country, and has been residing in the country when he was re-detained, his detention is governed by § 1226") (citations omitted).

The Court also finds that immediate release, rather than a bond hearing, is the appropriate remedy.  *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) ("Although the Government notes that Petitioner may request a bond hearing while detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."); *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021) ("if Petitioner is detained, he will already have suffered the injury he is now seeking to avoid"); *Domingo v. Kaiser*, Case No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner[] received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion; that is, his potentially erroneous detention.").

3:26-cv-01588-RBM-DEB

## IV.   CONCLUSION[1]

For the foregoing reasons, the Petition is **GRANTED**.  Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody, subject to the terms of his preexisting conditional parole.

2. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner shall receive a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) to determine whether detention is warranted.  Respondents shall bear the burden of establishing, by clear and convincing evidence,[2] that Petitioner poses a danger to the community or a risk of flight.[3]

3. The TRO Motion (Doc. 3) is **DENIED as moot**.

**IT IS SO ORDERED.**

DATE:  March 30, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[1]  In light of the disposition herein, the Court declines to address the Petition's remaining grounds for relief.

[2]  *See Sadeqi v. LaRose*, 809 F. Supp. 3d 1090, 1095 (S.D. Cal. 2025) ("Petitioner is entitled to a prompt and individualized bond hearing, at which Respondents must justify her continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released.") (citing *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018) (explaining that "the substantial liberty interest at stake" warranted placing the burden on the government to "prove by clear and convincing evidence that [a noncitizen] is a flight risk or a danger to the community to justify denial of bond").

[3]  This relief has been granted in similar matters.  *See E.A. T.-B*, 795 F. Supp. 3d at 1324; *Duong v. Kaiser*, 800 F. Supp. 3d 1030, 1043–44 (N.D. Cal. 2025); *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1119–20 (E.D. Cal. 2025).